Blacks. 448. The vice of appellant's contention is that the return of the certificates must precede the right to charge them back. None of its citations sustain such doctrine.

By the COURT:

The judgment in this case is reversed and a new trial is ordered. All the justices concur except SPENCER, J., not sitting.

---

PLYMOUTH COUNTY BANK, Respondent, *v.* GILMAN, Appellant.

Pledge and Collateral Security — Enforcement — Negligence — Evidence — Sufficiency.

> On an issue of a creditor's negligence in enforcing collateral securities (notes and a mortgage) the fact that the creditor placed them in the hands of reputable attorneys for collection would not warrant the court in directing a verdict in his favor on this issue where the evidence tended to show the security was lost by the negligence of the attorneys.

(Argued at the May Term, 1889, and determined at the October Term, 1889.)

APPEAL from the district court, Minnehaha county; Hon. J. E. CARLAND, Judge.

This was an action by the Plymouth County Bank, plaintiff, against Frazier Gilman, defendant, upon a promissory note. The defendant admitted the execution of the note, but alleged by way of counter-claim that at the time the note was delivered he was the owner and holder of six promissory notes and a mortgage given to secure them by one Mason and his wife; that he delivered these notes and the mortgage to the plaintiff with the understanding that when they became due it would proceed to collect them, apply the proceeds to the note described in the complaint and pay the balance over to the defendant; that at the time of the delivery of said notes and mortgage they were worth their face value; that plaintiff neglected and refused to comply with its agreement as to the collection of said note, though often requested so to do by the defendant; that the said Mason became insolvent and the property upon which the mortgage was given, worthless. The defendant demanded judgment for the difference between the note sued on and the six promissory notes. In reply to the counter-claims the plaintiff alleged that shortly after the first of

the six notes matured, it sent the notes and mortgage to a certain firm of attorneys in the county where the mortgage premises were situated, and instructed them to collect the same and foreclose the mortgage; that the said attorneys did commence the foreclosure of said mortgage, but it was done so negligently and carelessly that no valid decree was rendered in the case; that the said attorneys were reputable and responsible. At the trial it was admitted the notes and mortgage described in the counter-claim were delivered to the plaintiff as collateral security for the payment of the note described in the complaint. The other evidence tended to support the allegations of the counter-claim and reply. The necessities of this appeal do not require reference to more of it than relates to the standing of the firm of attorneys to whom the securities had been sent for collection. On this subject the plaintiff put one witness on the stand, an attorney at law, and he testified that he had known this firm of attorneys for several years and that it was one of the most reputable law firms in the territory and the leading firm in the city where they resided. There being no dispute in the evidence as to the standing of the firm, the plaintiff moved the court to direct a verdict in its favor. The motion was granted and the defendant excepted. After the denial of a motion for a new trial and the entry of final judgment the defendant appealed.

*C. S. Palmer,* for appellant.

It was the duty of respondent to so conduct itself in regard to the securities that appellant should sustain no injury, either by its *omission* or commission. Roberts v. Thompson, 14 Ohio St. 1; Jennison v. Parker, 7 Mich. 355; Cutting v. Morton, 78 N. Y. 454; Lyon v. Bank, 12 S. & R. 61; 4 Ind. 425; 93 Ill. 458; 62 Pa. St. 47; 79 id. 106; 21 id. 237; 2 McCrary, 505.

*C. H. Winsor,* for respondent.

The question for determination is, was appellant guilty of negligence. While it would be liable for its own gross negligence, still, if it employed an attorney to make the collection and exercised reasonable care in so doing, it has discharged its duty and is not liable for the misconduct or gross negligence of the attorney.

Colebrook, Colla. Secu., 116; Commercial Bank v. Martin, 1 La. 344; Exeter Bank v. Gordon, 8 N. H. 66; Goodale v. Richardson, 14 id. 567. The proof was undisputed that the attorneys employed were reputable. There was no evidence that their omission to do their duty was attributable to the plaintiff. It is not liable as for negligence. It was only required to act in good faith. Black River Bank v. Page, 44 N. Y. 453; Colebrook, 114.

By the COURT:

The judgment in this case is reversed and a new trial is ordered. All of the justices concur.

---

## BUTTZ, Respondent, v. COLTON, Appellant.

**1. Appeal — Review — Findings — Insufficiency of the Evidence.**

Where there is no substantial conflict in the evidence and the findings are against the weight of the evidence, an appellate court will reverse a judgment founded on such findings.

**2. Same — Specific Performance — Contract — Validity.**

In an action for specific performance the plaintiff obtained a decree on the contract, modified, as he contended; but the contract, however, was that the defendant, in consideration of the plaintiff's undertaking to have the county in which the land was situated organized, the county seat placed near the land and a certain railroad constructed there, agreed to convey to him sixty acres in a certain quarter section less such amount as he should find necessary to give the railroad company to induce it to come, and (after the county had been organized and the county seat located as contemplated) the plaintiff contending that the company had agreed to come for forty acres, and that the original contract had been modified by parol so that he was to have the balance of the sixty acres in another quarter section and that there had been a part performance of the contract as modified, but the evidence on these issues showing merely the expression of opinion by the agent of the company that he thought the road could be induced to come for forty acres, and it appearing the defendant had obligated himself to the company to convey to it sixty acres to induce it to come, and that he had not been released from that obligation, and it also appearing that the alleged part performance could as well be referred to the defendant's obligation to the company as to the alleged modified contract, *held*, the decree should be reversed and that the contract itself was not of a character to appeal strongly to a court of equity for enforcement. PALMER, J., dissenting.

**3. Same—Part Performance.**

An act in part performance must be with reference to the particular contract sought to be enforced.