## BOARD OF COM'RS OF OURAY COUNTY v. GEER.

(Circuit Court of Appeals, Eighth Circuit. April 13, 1901.)

### No. 1,442.

1. APPEAL—REVIEW—QUESTIONS DETERMINED ON FORMER APPEAL.
   Questions necessarily involved and determined on an appeal or writ of error cannot be again considered on a subsequent appeal or writ of error in the same case.

2. SAME—REVERSAL—PROCEEDINGS AFTER REMAND.
   The circuit court overruled a demurrer to a defense pleaded by defendant in its answer, whereupon plaintiff filed a replication to such defense in the nature of a confession and avoidance, to which the court sustained a demurrer. On a writ of error taken by plaintiff both rulings were assigned as error, and the circuit court of appeals in its opinion held that the action of the trial court in overruling the demurrer to the answer was correct, but reversed its ruling sustaining the demurrer to the replication. *Held*, that such decision left for trial an issue of fact as to the truth of the facts pleaded in avoidance in the replication, and that it was error to render judgment for plaintiff on the pleadings after the cause was remanded.

3. INTEREST—COUPONS FROM MUNICIPAL BONDS—COLORADO STATUTE.
   Mills' Ann. St. Colo. § 2252, which provides that "creditors shall be allowed to receive interest * * * for all moneys after they become due

on any bond, bill, promissory note, or other instrument of writing," applies to interest coupons from municipal bonds, which are in effect promissory notes issued by the municipality in its business, as distinguished from its governmental, capacity, and therefore subject to the statute, the same as contracts made by individuals.

In Error to the Circuit Court of the United States for the District of Colorado.

This was an action founded on coupons cut from certain bonds issued by the county of Ouray under the provisions of an act of the general assembly of the state of Colorado approved April 17, 1899, authorizing the issue of bonds, among other purposes, for the satisfaction of judgments. The bonds recited that they were so issued "in satisfaction at par of judgments and accrued interest thereon which had been rendered in the courts of record in this state against Ouray county." An answer was filed setting up several defenses, to which, for the purposes of the present case, no reference need be made. A demurrer, duly interposed to that answer, was sustained by the trial court, and an amended answer was thereafter filed, in which, among other defenses now requiring no consideration, the defendant, now plaintiff in error, alleges as follows: "As an amended seventh defense to the plaintiff's complaint, the defendant alleges that there is no record of any judgment by any court against the defendant for which the bonds were issued, the coupons of which are sued on in this action." A demurrer was interposed to this seventh defense and overruled. Thereupon the plaintiff, now defendant in error, filed a replication denying the allegation of the answer to the effect that no judgments had been rendered against the county, and affirmatively pleading as follows: "And for a further replication to the seventh answer, as amended, plaintiff avers that he is the owner of the bonds described in the complaint and the coupons upon which this action is brought, and that he acquired the same before the maturity of said bonds or of said coupons, for a valuable consideration, and without notice of any defect: that in each of said bonds so acquired by him as aforesaid this defendant expressly declared, as appears from the copy of the bond in the complaint set forth, that said bonds, and each of them, were issued by the defendant under and by virtue of an act of the general assembly of the state of Colorado entitled 'An act to enable the several counties of the state to refund their bonded debt which has matured or may hereafter mature, and to issue bonds in satisfaction of bonds and matured bonds,' approved April 17, A. D. 1899, in satisfaction at par of judgments and accrued interest thereon which had been rendered in the courts of record of this state against said defendant, upon the truth of which declaration and recital this plaintiff relied in the purchase of said bonds, and upon the faith and strength of which he paid the consideration therefor, as he had a right to do, and as defendant intended he should do; and plaintiff avers that defendant should not now be permitted to show that the declaration or recital so made by defendant was false and untrue, to the damage of plaintiff in the premises; and plaintiff further avers that said defendant, by reason of such recital and declaration and the reliance of plaintiff thereon, is estopped from claiming, for the purpose of defeating plaintiff's right to recover in this action, that there is no record of judgments recovered, or that there are no judgments, or that such judgments are void for any reason whatsoever." A demurrer was interposed to this replication and sustained by the trial court. Plaintiff declined to plead further, final judgment was rendered for the defendant, and the case was brought to this court by writ of error. The case was heard at the May term. A. D. 1899, and the judgment of the lower court was reversed, and remanded, with directions to take further proceedings in accordance with the views expressed in the opinion. Geer v. Board, 38 C. C. A. 250, 97 Fed. 435. The mandate of this court was filed in the court below, and when the case came on for a trial plaintiff moved for judgment on the pleadings. Defendant objected on the ground that an issue of fact was raised by the replication to the amended answer. Upon an adverse intimation of the court, the defendant asked leave to amend the answer, so as to make it unquestionably clear that the defendant disputed plaintiff's right to recover

as an innocent purchaser without knowledge of the facts claimed by it to avoid the bonds. The court refused to allow the amendment, and sustained plaintiff's motion, and rendered judgment on the pleadings for the plaintiff in the sum of $9,139.20. Of this sum $6,720 represents the principal called for by the coupons, and the balance, $2,419.20, represents the interest thereon from the date of maturity of the coupons to the date of judgment. Exceptions having been duly saved, a second writ of error was sued out, bringing the case here for review. The defendant, by its assignment of errors, challenges the correctness of the court's action in rendering a judgment on the pleadings, and in allowing interest on the face of the coupons after their maturity to the date of rendering judgment.

Carl J. Sigfrid, Lyman I. Henry, and Thomas C. Brown, for plaintiff in error.

Albert E. Pattison, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and ADAMS, District Judge.

ADAMS, District Judge, after stating the case as above, delivered the opinion of the court.

The judgment of this court on the first writ of error is the law of this case, from which, under well-settled authority, we could not, if we would, depart. Balch v. Haas, 36 U. S. App. 693, 20 C. C. A. 151, 73 Fed. 974; Haley v. Kilpatrick (C. C. A.) 104 Fed. 647 and cases cited. We cannot, therefore, now reconsider any question which was necessarily involved in and determined at the former hearing of this case. An examination of the record on file in this court shows that the two most prominent assignments of error argued at the first hearing were:

"That the court erred in overruling plaintiff's demurrer to the defendant's sixth and seventh defenses, and each of them, and in sustaining defendant's demurrer to the plaintiff's replication to said sixth and seventh defenses, and each of them."

The seventh defense and the replication then under consideration are the same as those hereinbefore set out and now under consideration. This court said, in its opinion rendered on the former hearing (Geer v. Board, 97 Fed. 435, 441, 38 C. C. A. 250, 256), as follows:

"The seventh defense was that there never were any judgments in payment or satisfaction of which the bonds were issued. This is a good defense against the bonds in the hands of the original creditor, who accepted them in exchange for the indebtedness of the county to him, upon which he had obtained no judgments. The plaintiff replied to this defense, however, that he had acquired the bonds and coupons for value, before maturity, without notice of any defect in them, and that he paid the consideration for his purchase in reliance upon the recital, which was contained in each bond, that it was issued, by virtue of the act of 1889, 'in satisfaction at par of judgments and accrued interest thereon which have been rendered in the courts of record in this state against Ouray county aforesaid.' "

The trial court had overruled a demurrer to the seventh defense as pleaded, and had thereby pronounced it a good defense. This ruling, being distinctly challenged by the plaintiff, was approved by this court in the language already quoted. The replication was practically a confession and avoidance. It says, in effect, even if there were in fact no judgments in satisfaction of which the bonds in question were issued, the plaintiff purchased the bonds in good faith,

with no knowledge of any such infirmity and in reliance upon defendant's recital, found in the bond, that such judgments had in fact been rendered. The legal sufficiency of this replication was distinctly presented for our determination at the former hearing of the case, and the court then said:

"The demurrer to the replication to the seventh defense should have been overruled."

This replication was, by the language just quoted, distinctly held to be good in law, and in the language hereinbefore quoted from the opinion was held to have been specifically invoked by the plaintiff to overcome the otherwise "good defense" set up in the amended answer. In the light of the record and opinion in the former case, we conclude unanimously that the pleadings adopted by the parties to this suit, as heretofore construed by this court, presented a triable issue as to whether, even if there were no underlying judgments to support the bonds in question, the plaintiff purchased them without knowledge of such defect and in reliance upon the recital to the contrary found in the bond. This conclusion renders it unnecessary and improper to enter into any original consideration of the pleadings.

As this case must be remanded for a new trial, we will indicate for the guidance of the trial court the conclusion reached on the second assignment of error, relating to the allowance of interest on the face value of the coupons sued on. Section 2252, Mills' Ann. St. Colo., so far as applicable to this case, is as follows:

"Creditors shall be allowed to receive interest, when there is no agreement as to the rate thereof, at the rate of eight per cent. per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing. * * *"

It may be conceded that no interest would be recoverable on these coupons without statutory authority to that end, but we cannot appreciate the distinction sought to be made between the municipal coupons in question and coupons taken from bonds or obligations of individuals. The bonds and coupons now in question were issued by the municipality in the exercise of its contractual powers. It had incurred an indebtedness, and, needing money to pay the same, proceeded to borrow it. In the exercise of powers of this character, as distinguished from governmental powers, the municipality is not entitled to invoke for its protection any immunity pertaining to it as a sovereign or governing body. In the case of Illinois Trust & Sav. Bank v. City of Arkansas City, 40 U. S. App. 257, 22 C. C. A. 171, 76 Fed. 271, this court drew a sharp distinction, supported by abundant authority, between the principles affecting a municipality in its business functions and those affecting it in its legislative or governmental functions. It is there said:

"It may exercise the business powers conferred upon it in the same way, and in their exercise it is governed by the same rules that govern a private individual or corporation."

The act of April 17, 1899, authorized the county to issue its bonds, with coupons annexed representing interest maturing at certain periods. These coupons, when executed as required by the act, became separate and distinct obligations of the county, and contained

108 F.—31

all essential features of a promissory note or other commercial paper, and, when severed from the bonds, became independent claims. Clark v. City of Iowa City, 20 Wall. 583, 22 L. Ed. 427; U. S. Mortg. Co. v. Sperry, 138 U. S. 313, 11 Sup. Ct. 321, 34 L. Ed. 969. Conformably to the principles just announced, the general statutes in force at the time the bonds and coupons were issued (section 2252, supra) became in our opinion applicable to these coupons. They were "promissory notes" or "other [like] instruments of writing" within the meaning of that statute, and bore interest from their maturity as therein provided. This conclusion is supported by the following authorities: Gelpcke v. Dubuque, 1 Wall. 175, 17 L. Ed. 520; Clark v. City of Iowa City, supra; Walnut v. Wade, 103 U. S. 683, 26 L. Ed. 526; Koshkonong v. Burton, 104 U. S. 668, 26 L. Ed. 886; Scotland Co. v. Hill, 132 U. S. 107, 10 Sup. Ct. 26, 33 L. Ed. 261; Mortg. Co. v. Sperry, supra; City of Cairo v. Zane, 149 U. S. 122, 13 Sup. Ct. 803, 37 L. Ed. 673, and cases cited; Hughes Co. v. Livingston (C. C. A.) 104 Fed. 306; Simonton, Mun. Bonds, § 101.

The judgment is reversed, and the cause remanded for a new trial.