OKLAHOMA CITY ELECTRIC, GAS & POWER CO. *et al.* v. BAUMHOFF.

No. 2050, Okla. T.    Opinion Filed June 24, 1908.

(96 Pac. 758.)

1. APPEAL AND ERROR — Subsequent Appeals — Previous Decisions as Law of the Case. A question decided by the Supreme Court on a former appeal becomes the law of the case in all its stages, and will not ordinarily be reversed upon a second appeal of the same case when the facts are substantially the same.

2. SAME—Decisions by Territorial Court. The same rule applies where the former decision was made by the late territorial Supreme Court, this court being the successor of that court.

3. SAME—Examination of Record. A record on a former appeal in the same action may be looked into for the purpose of ascertaining what facts and questions were before the court, so as to see to the proper application of the rule that such decision is the law of the case.

4. SAME—Trial Court's Conformity to Decision—Finality. If upon a cause being remanded for a new trial, the court below has proceeded in substantial conformity to the directions of the appellate court, its actions will not be questioned on a second appeal.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; B. F. Burwell Judge.*

Action by G. W. Baumhoff against the Oklahoma City Electric, Gas & Power Company and others. Judgment for plaintiff, and defendants brought error to the Supreme Court of the territory of Oklahoma, whence the cause came by virtue of the enabling act to the Supreme Court of the state of Oklahoma. Affirmed.

*Shartel, Keaton & Wells,* for plaintiffs in error.
*L. F. Parker* and *Flynn & Ames,* for defendant in error.

KANE, J.    This was a suit brought by the defendant in er-

ror, plaintiff below, against the plaintiffs in error, defendants below, to recover damages for breach of the following contract:

"In consideration of the sum of one dollar received from George W. Baumhoff, we hereby agree to sell to said George W. Baumhoff, his successors or assigns, fifteen hundred shares, constituting all of the shares of the capital stock of the Oklahoma City Electric, Gas & Power Company of Oklahoma City, Oklahoma Territory, of the par value of one hundred dollars each, for the sum of one hundred and twenty thousand dollars to be paid in cash. This sale to be consummated within ten days after an amendment duly passed by ordinance to be mutually agreed upon between the president and secretary of the same company and the purchaser before the same is introduced in the council. The above shares of stock shall convey all the property, rights, privileges, grants and franchises of said Oklahoma City Electric, Gas & Power Company, free of debts of all kinds, excepting a sum not exceeding $2,000.00 for eight-inch gas pipe now on the grounds and en route as billed from the Dimmick Pipe Company of Birmingham, Ala., and one electric generator from the Western Electric Supply Co., of St. Louis, at not exceeding $2,000.00, which the purchaser assumes and is to pay for within ten days after the passage of an ordinance by the city council and approval by the mayor of Oklahoma City, O. T., satisfactory to the purchaser. The sum of one hundred and twenty thousand dollars in cash is to be paid by the purchaser within thirty days after such ordinances amending the franchise of said company satisfactory to the purchaser is adopted. The purchaser to take possession of the property at once upon the payment of the entire consideration of the property. It is further agreed that any betterment which may be required such as lamps, meters or wire bought before December 30th, 1901, shall be paid for by the purchaser."

The petition sets up a copy of the contract and alleges its execution by the parties; the readiness at all times of the plaintiff to perform, his request of the defendants to perform, and their refusal; the passage, on February 15, 1902, of three ordinances amendatory of the defendants' franchise; the plaintiff's satisfaction with these ordinances and the renewal of his effort to perform after their passage, and the renewal of the defendant's refusal to perform; that the ordinances so passed were pursuant to

the terms of and in performance of the contract sued on; the sale of the property by the defendants to other purchasers, and the damages sustained by the plaintiff. A demurrer was interposed to this petition, which was sustained by the district court, and on appeal to the Supreme Court of the Territory of Oklahoma by the plaintiff the judgment of the district court was reversed and the case remanded for further proceedings, and upon these proceedings is predicated the error complained of herein.

The case, as it appears in the Supreme Court of the territory on the former appeal, under the title of "George W. Baumhoff vs. Oklahoma City Electric, Gas & Power Company, G. W. Wheeler and G. N. Beebe," is reported in 14 Okla., 127, 77 Pac. 40, where the petition is set out in full. The parties and the petition are the same now as on the former appeal, except that the plaintiffs in error now were defendants in error then, and the defendant in error now was plaintiff in error then. After the case was remanded by the Supreme Court of the territory, the defendants filed an amended answer consisting of a general denial; a denial that the consideration of $1 recited in the contract had been paid; a plea that the defendants were to use their influence in procuring the passage of the ordinance which the defendants allege made the contract void as against public policy; an allegation that the plaintiff and the defendants never agreed upon the amendment which was to be secured, and that on the 1st of January defendants notified the plaintiff that they refused to be further bound by the contract. To this answer the plaintiff filed a reply, and upon the issues thus joined the cause was tried to a jury, and a verdict rendered in favor of plaintiff, upon which judgment was duly entered. From this judgment the defendants prosecuted their appeal to the Supreme Court of the territory of Oklahoma, and, the same being undisposed of upon the admission of Oklahoma as a state, it was transferred to this court under the terms of the enabling act and the Schedule to the Constitution.

The assignments of error argued by counsel for plaintiff in error in their brief are grouped as follows:

(1) "The overruling of the objection to the introduction of evidence under the petition upon the ground that the same fails to state facts sufficient to constitute a cause of action." (2, 3, 4) "The court erred in overruling the demurrer of the defendants in the court below to the evidence introduced by the plaintiff upon the ground that the same was insufficient in law to prove any cause of action in favor of the plaintiff and against the defendants. The court erred in refusing at the end of the trial to give the peremptory instruction requested by the defendants upon the ground that the evidence as a whole entitled the defendants as a matter of law to judgment."

Counsel for defendant in error insists that the former decision rendered by the Supreme Court of the territory of Oklahoma is conclusive upon this court, for the reason that all the questions raised in this court were presented to the Supreme Court of the territory and passed upon, and that opinion is now the law of the case. The evidence adduced at the trial fairly tends to support the allegations of the petition, so the assignments of error grouped above present to this court the same questions raised on the former appeal, where the assignments of error were predicated upon the ruling of the court below in sustaining a demurrer to the petition.

It seems to be a well-settled rule of general application that the determination of an appellate court in a case is the law of that case. No question necessarily involved and decided on that appeal will be considered on a subsequent appeal or writ of error in the same case. *Red Mountain Min. Co. v. Jefferson Co. Sav. Bank,* 113 Ala. 629, 21 South 74, 59 Am. St. Rep. 151; *Montgomery v. Gilmer,* 33 Ala. 116, 70 Am. Dec. 562; *Chamberlin v. Browning,* 177 U. S. 605, 20 Sup. Ct. 820, 44 L. Ed. 906; *Ouray County v. Geer,* 108 Fed. 478, 47 C. C. A. 450.

"Questions decided in the same case on the same or substantially the same facts, by one appellate court, are binding on a subsequent appeal in another appellate court having like jurisdiction. A change in the membership of the court since the first appeal, or the creation or organization of a new court succeeding to the appellate jurisdiction of the court by which the first appeal

was heard, will not affect the application of this rule." (3 Cyc. 399.)

In a case in the Supreme Court of South Dakota (*Plymouth Co. Bank v. Gilman*, 3 S. D. 170, 52 N. W. 869, 44 Am. St. Rep. 782), Corson, J., discussing the doctrine of the law in that case, says:

"There is another important question presented and discussed in this case that will probably arise on another trial, and hence we deem it proper to express our views upon it on this appeal. At the close of the evidence, counsel for the bank moved the court to direct the jury to bring in a verdict in its favor, which motion the court denied. This ruling of the court is assigned as error. The learned counsel for appellant contend that the bank having shown by the uncontradicted evidence that it sent the Mason notes and mortgage to a reputable law firm, with instructions to proceed and collect the same, it performed its duty to the defendant, and, if any loss occurred by reason of the negligence of such attorneys, the bank was not liable therefor. The learned counsel for the respondent, in answer to this proposition, insist that that question was settled by the late Supreme Court of the territory on a former appeal in this case, and has therefore become the law of the case. An examination of the records and statement of the appeal in *Bank v. Gilman*, 6 Dak. 304, 50 N. W. 194, discloses the fact that on a former trial, upon substantially the same evidence as given on the second trial, resulting in the judgment from which this appeal is taken, the learned judge who then tried the case, on motion of plaintiff's attorneys, directed a verdict in favor of the plaintiff. From the judgment entered thereon the present respondent appealed to the Supreme Court of the territory, and that court reversed the judgment of the court below, and granted a new trial. No opinion seems to have been written in the case, but it is clear from the statement of the facts and questions involved on that appeal that the precise question now presented was decided by that court. The records on a former appeal in the same action may be looked into for the purpose of ascertaining what facts and questions were then before the court, so as to see to the correct application of this rule that such decision is the law of the case. *McKinlay v. Tuttle.* 42 Cal. 571. The facts being found to be the same, the rule applies that a decision of the Supreme Court in a given case becomes the law of the case in all of its subsequent stages, and will not be

508 SUPREME COURT OF OKLAHOMA.

Oklahoma City Electric, Gas & Power Co. *et al.* v. Baumhoff.

reviewed when the case comes upon a second appeal, the facts being the same. *Donner v. Palmer*, 51 Cal. 629; *Russell v. Harris*, 44 Cal. 489; *Page v. Fowler*, 37 Cal. 100; *Yates v. Smith*, 40 Cal. 662; *Davidson v. Dallas*, 15 Cal. 75; *Little v. McAdaras*, 38 Mo. App. 187. Had the second appeal, now before this court, been taken to the late territorial Supreme Court, the former decision of that court, upon the precise question now presented, would undoubtedly have been conclusive upon the parties in this particular case; and we are of the opinion that this court, as the successor of that court, is equally bound by the rule. Any other rule would introduce great uncertainty in the proceedings of courts, and produce the 'inconvenience' that it was the object of the Constitution of this state to guard against. Sections 1-4, art. 26, Const. With this view of the effect of the decision of the territorial Supreme Court, we think the question presented is not open for discussion on this appeal, and that that decision is conclusive upon the question upon this appeal. The learned court below tried the case upon the theory that such decision was the law of the case, and in doing so we think he committed no error."

Counsel for plaintiffs in error in their supplemental brief vigorously assail the doctrine of the law of the case, and cite authorities to the effect: (1) That this court takes the functions not of an intermediate court of appeals, but a court of last resort, and with it the same power to review the former decision of the territorial court that was vested in the Supreme Court of the United States at the time the former decision was rendered; and (2) that the rule that a decision once made becomes the established law of the case is not a cast-iron rule incapable of relaxation in any event.

On the first proposition the cases of *Plymouth Co. Bank v. Gilman, supra, St. Croix Lumber Co. v. Mitchell*, 4 S. D. 487, 57 N. W. 236, and *Silva v. Pickard et al.*, 14 Utah, 245, 47 Pac. 144 seem to be decisive. They were all cases wherein two appeals had been prosecuted, the first to the Supreme Courts of the territories of Dakota and Utah before statehood, and the second to the Supreme Courts of the states of South Dakota and Utah after statehood. The above cases are the only ones we have been able

to find where the circumstances surrounding the appeals were identical with conditions as we find them in the case at bar, and as the courts of these states sanction the doctrine of the law of the case upon reasoning satisfactory to us, we feel disposed to apply the rule here. As to the second proposition, the courts uniformly hold that an appellate court may review and reverse its former decision in the same case where it is satisfied that gross or manifest injustice has been done by its former decision, or where the mischief to be cured far outweighs any injury that may be done in the particular case by overruling a prior decision. We cannot say that the case at bar is one that falls within the exceptions to the rule. It is a controversy between private suitors for damages for breach of contract, that in no way affects or imperils interests through the state. Nor is it obvious that manifest or gross injustice will be done in the individual case by following the decision rendered on the former appeal. The case at bar was tried in the court below upon the theory outlined by the Supreme Court of the territory, and an examination of the record and briefs of counsel discloses that substantially the same points are raised and argued now as were raised and argued on the former appeal. This being so, there is nothing left for us to review except alleged errors of law occurring at the trial.

Counsel for plaintiffs in error complain of the refusal of the court below to give certain instructions to the jury at their request. We believe these instructions were properly refused; they were predicated upon a theory not supported by the evidence, and amounted in effect to a peremptory charge to return a verdict in favor of their client; they were also based upon the theory that the contract was void for want of mutuality and as being contrary to public policy, which questions were specifically passed upon by the Supreme Court of the territory, and the ruling of the court on the instructions asked only raised again in this court the same questions in another way.

The court instructed the jury that the contract sued on was not a complete contract, as the parties were to agree in the

future upon the ordinance to be presented to the council, but that as no time was fixed and as the future agreement was for the benefit of the purchaser he could waive the provision, but would be compelled to act within a reasonable time; but that if the defendants caused other ordinanaces to be passed which were satisfactory to the plaintiff and that he so advised the defendants, and that all of these transactions were performed within a reasonable time, in that event the plaintiff was entitled to recover, provided he offered to fulfill his part of the agreement, and was prevented from so doing by the refusal to perform on the part of the defendants; that one of the most important issues in the case was whether or not the plaintiff exercised due and reasonable diligence in carrying out and performing his part of the contract; that the amendment of the franchise was a matter which plaintiff could waive, but that he could also have refused to carry out the contract unless he and the defendants could agree upon these amendments, and that such refusal might be inferred from his conduct, and if defendants reasonably believed that he had abandoned the contract they would then have the right to sell the property to other persons; that if the plaintiff had acted within a reasonable time, and had done all things reasonably necessary in his power to carry out the contract, and if ordinances were passed which were satisfactory to him and were such as were contemplated by the contract, then the mere fact that they were passed without his previous consent and without his knowledge would be immaterial, but that if he was advised by the defendants that they would not carry out the contract, and he failed then to do and perform his part of the contract and failed to advise the defendant that he would waive the passage of the ordinances, and the defendants reasonably believed that he had abandoned the contract and then secured ordinances pursuant to another contract, that the plaintiff in that event could not claim any rights under them. These instructions were all based upon evidence tending to support the theory of the case enunciated by the Supreme Court of the territory on the former appeal, which

theory was binding upon the trial court, therefore no error can be predicated on them on a second appeal.

"If the court below has proceeded in substantial conformity to the directions of the appellate court, its actions will not be questioned on a second appeal." (3 Cyc. 396.)

Other assignments of error predicated upon rulings of the court refusing to sustain objections to the introduction of certain evidence are casually argued by counsel in their brief, but we believe the objections were not well taken, and were properly overruled.

The judgment of the court below is affirmed.

All the Justices concur.