### ROBERTSON v. CONWAY et al.

(Circuit Court of Appeals, Sixth Circuit. June 6, 1911.)

No. 2,104.

1. BANKS AND BANKING (§ 49*)—STOCKHOLDERS—ACTION TO ENFORCE STATUTORY DOUBLE LIABILITY—DEFENSES.

In a suit in equity on behalf of the creditors of an insolvent banking corporation against the stockholders to enforce their double liability, under Ky. St. § 547 (Russell's St. § 2131), where a defendant retained his stock for two years, and until after the corporation became insolvent, without objection, it is not a defense that he then brought a suit against the corporation to rescind his subscription on the ground of fraud, nor that he gave notes for the stock, which are unpaid, and has not received the certificate; nor is he entitled to any reduction of his statutory liability because he paid a premium for the stock.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 49.*]

2. COURTS (§ 328*)—JURISDICTION OF FEDERAL COURTS—SUIT AGAINST STOCKHOLDERS.

Under Ky. St. § 547 (Russell's St. § 2131), which makes stockholders in banks and trust companies "individually responsible, equally and rata-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bly, and not one for the other, for all contracts and liabilities of such corporation to the extent of the amount of their stock at par value in addition to the amount of such stock," the amount to be recovered on account of the liability of the stockholders of such a corporation being sought to be administered in equity in a suit brought in behalf of all creditors against all stockholders who are within the jurisdiction, and where the amounts due from the corporation to complainants exceed $2,000, and the amounts due from some of the defendants exceed such sum, and the requisite diversity of citizenship exists, such suit may be brought in a federal court, and such court, having acquired jurisdiction generally to administer the trust, may, as ancillary to such jurisdiction, decree against a stockholder, although his liability is less than $2,000, either under an ancillary bill or in the original case.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 328.*

Jurisdiction of federal court as affected by state laws, see note to Barling v. Bank of British North America, 1 C. C. A. 513.]

Appeal from the Circuit Court of the United States for the Western District of Kentucky.

Suit in equity by John Conway and others against H. N. Robertson and others. Decree for complainants, and defendant Robertson appeals. Affirmed.

Brown & Nuckols (Eli H. Brown, of counsel), for appellant.

William T. Ellis, James J. Sweeney, and Clarence M. Finn, for appellees.

Before SEVERENS and KNAPPEN, Circuit Judges, and SATER, District Judge.

KNAPPEN, Circuit Judge. This is an appeal from a decree of the Circuit Court requiring appellant to pay to complainants, for the benefit of themselves and other creditors, the sum of $1,000 and interest as the full "double liability" of appellant as stockholder in the Owensboro Savings Bank & Trust Company under the statutes of Kentucky. Ky. St. § 547 (Russell's St. § 2131). The decree appealed from is the same decree considered by this court in the case of Alsop v. Conway, 188 Fed. 568, decided May 2, 1911, in which the case generally and its history are fully stated. It was there held (1) that the motion to dismiss the appeal on the ground that the parties interested therein are not before the court was not well taken; (2) that the stockholders' double liability under the statute in question belongs to the creditors, and is not an asset of the receiver provided for by the Kentucky statute relating to the administration of the affairs of insolvent banks; (3) that there is nothing in the receivership proceedings in the state court to interfere with the exercise of jurisdiction as actually exercised in this case by the court below; (4) that this suit was properly brought in equity and against all the stockholders made parties; (5) that the Circuit Court did not lose jurisdiction over the case by reason of the nonmaturity of claims exceeding $2,000, nor by the fact that the claims of some of the complainants did not exceed that amount; and (6) that the fact that certain creditors of the bank, not parties upon the record, were citizens of Kentucky did not oust the court of jurisdiction on the ground of diversity of citizenship be-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tween the original parties. This case differs from the case of Alsop v. Conway in but two important respects: First, the defense is made that the matter in dispute was but $1,000 exclusive of interest, and that the Circuit Court had thus no jurisdiction as to this appellant; and, second, Robertson's stock consisted only of 10 shares, of the par value of $100 each, of the increased capital stock of the bank, authorized December 9, 1905, and issued about January, 1906.

[1] In addition to the defense upon the merits urged in the Alsop Case, that the purchase of this stock was induced by fraudulent representations by officers of the bank as to its financial condition, the further defense is made that the increased stock sold appellant was "invalid, fictitious, and void" under the laws of Kentucky, and the sale not binding on appellant, for the reason that bona fide subscriptions for the entire authorized amount of such increase were not made within one year from the date of such authorization; that but a small portion of such stock was paid for in cash, the purchasers of the larger part thereof having paid therefor by executing and delivering their promissory notes, the certificates thereof being retained by the bank as collateral security for such notes; that appellant gave his promissory note (with surety in part) for the entire amount of such stock purchase; that said notes have not been paid; and that an action is pending in one of the state courts of Kentucky for the cancellation of said stock subscription. It is further urged that, if appellant is subject to any part of the statutory double liability, he can equitably be charged with only 50 per cent. thereof, on account of having paid a premium of 50 per cent. on the stock purchase.

In disposing of this defense upon the merits, **little need be said in** addition to the considerations stated in the Alsop Case with respect to the liability on account of the increased stock there in question. Appellant purchased his stock about two years before the failure of the bank. He made no attempt to rescind until after such failure. His right to rescind by reason of the false representations as to the financial condition of the bank is concluded by the considerations expressed in the Alsop Case. The defense that the increased stock was fictitious is not supported by any proof in the record before us. It is, however, without merit as against the creditors. Bailey v. Tillinghast (6th Circuit), 99 Fed. 801, 40 C. C. A. 93. Nor is there any merit in the defense that another suit is pending for the cancellation of the stock subscription. Not only is there no assertion, either in pleading or proof, that such suit was pending at the time of the institution of the present suit, but there is neither allegation nor proof that any one authorized to represent creditors with respect to the statutory double liability is a party to such suit in the state court. As pointed out in the Alsop Case, the liability in question is to creditors, and not to the bank or its receiver appointed under the insolvency proceedings in the state court. It is too clear for argument, that the premium paid for the purchase of the stock cannot be offset against the statutory liability in question. The fact that appellant did not pay for his stock in money, nor receive possession of the certificates therefor, is not, in our opinion, material by way of defense to this statutory action in favor of creditors. In view of these considerations, and upon

the authority of the Alsop Case, we are constrained to hold that the defense made as to the merits cannot be sustained.

[2] We are thus brought to the question of law peculiar to this appeal, viz., whether the fact that the amount claimed against appellant is but $1,000, exclusive of interest and costs, deprived the Circuit Court of jurisdiction over him.

It is the general rule that, in a suit in equity brought in the Circuit Court by two or more persons on several and distinct demands, a defendant cannot be joined against whom the sum demanded does not exceed $2,000. In that class of cases the amount in controversy as to such defendant is merely the amount claimed from him. Thus in Walter v. Northeastern R. Co., 147 U. S. 370, 374, 13 Sup. Ct. 348, 37 L. Ed. 206, it was held that the Circuit Court had no jurisdiction over a bill to enjoin the collection of taxes from a railroad company under distinct assessments, in separate counties, no one of which amounts to more than $2,000. In Citizens Bank of Louisiana v. Cannon, 164 U. S. 319, 17 Sup. Ct. 89, 41 L. Ed. 451, it was held that separate assessments were not sufficient to give jurisdiction to a bill to enjoin the collection of taxes in several parishes by joining against different collectors. And under statutes limiting the appellate jurisdiction of the Supreme Court to cases where the amount in controversy exceeds a certain sum, it is the rule that, where suit in equity is brought by two or more persons on several and distinct demands, the defendant can appeal as to those complainants only to each of whom the jurisdictional amount is decreed. The rule is also well settled that distinct decrees against distinct parties on distinct causes of action, or on a single cause of action in which there are distinct liabilities, cannot be joined to give the Supreme Court jurisdiction on appeal. Ex parte Phœnix Ins. Co., 117 U. S. 367, 369, 6 Sup. Ct. 772, 29 L. Ed. 923; Paving Co. v. Mulford, 100 U. S. 147, 25 L. Ed. 591; Stratton v. Jarvis, 8 Pet. 4, 8 L. Ed. 846; Henderson v. Wadsworth, 115 U. S. 264, 274–277, 6 Sup. Ct. 140, 29 L. Ed. 377; Chamberlin v. Browning, 177 U. S. 605, 20 Sup. Ct. 820, 44 L. Ed. 906.

On the other hand, where the liabilities of the defendant are joint, or depend upon the same state of facts, the aggregate liability is held to be the amount in dispute, with respect to the jurisdiction of the Circuit Court. Thus, in McDaniel v. Traylor, 196 U. S. 415, 25 Sup. Ct. 369, 49 L. Ed. 533, the Circuit Court was held to have jurisdiction of a bill by heirs to set aside recoveries in favor of each of several defendants alleged to have fraudulently combined to procure orders of the probate court allowing the claims, the claim of each defendant being less than $2,000, the aggregate amount, however, exceeding $2,000 and the undivided interest in the real estate of each exceeding $2,000. In Virginia, etc., Chemical Co. v. Insurance Co. (4th Circuit), 113 Fed. 1, 5, 6, 51 C. C. A. 21, where a bill was filed by several insurance companies, each of whom separately issued policies on the same property, providing for proportional liability only and where the same defense was interposed, the Circuit Court was held to have jurisdiction to enjoin the prosecution of the actions at law, although one involved less than $2,000. The same distinction is recognized with respect to the appellate jurisdiction of the Supreme Court. Thus, in

Marshall v. Holmes, 141 U. S. 589, 595, 12 Sup. Ct. 62, 35 L. Ed. 870, where several judgments, each less than $500 but aggregating more than $3,000 were rendered in a state court in favor of the same party and against the same defendant, the case was held removable; the validity of the judgments depending upon the same facts. In New Orleans, etc., Ry. Co. v. Parker, 143 U. S. 42, 51, 12 Sup. Ct. 364, 36 L. Ed. 66, where several plaintiffs claimed under the same title, and the judgments necessarily involved the validity of that title, the Supreme Court was held to have jurisdiction, although the individual claims of none exceeded $5,000.

While in this case the liability of the defendants was not joint, nor did they, as respects the special defenses set up by certain of the defendants (including the appellant here), depend upon the same state of facts, yet the liability of the defendants is by the bill predicated upon the same state of facts. The statute invoked makes all stockholders "individually responsible, equally and ratably, and not one for the other, for all contracts and liabilities of such bank to the extent of the amount of their stock at par value in addition to the amount of such stock." Under the bill in question there were thus necessarily involved certain fundamental questions common to all stockholders, viz., the amount, if anything, by which the debts of the bank exceeded its assets, and the amount of the outstanding stock. As pointed out in the opinion in the Alsop Case, the amounts recovered on account of the stockholders' liability in question constitute a trust fund, properly administered in equity, and the suit below was essentially a proceeding for the collection, administration, and distribution of this trust fund. As held by this court in the Alsop Case, suit to enforce such liability could not be brought by one creditor to secure the payment of his own debt to the exclusion of others, and this suit was properly brought in equity. Of course, no question of federal jurisdiction over any individual stockholder was involved in the Alsop Case. It is peculiarly requisite to the effectiveness of the administration of such trust that all stockholders within the jurisdiction of the court should, so far as practicable, be brought before it. As said in Pollard v. Bailey, 20 Wall. at page 525, 22 L. Ed. 376:

"Every stockholder, when called upon to perform his obligations, has the right to require that the extent thereof shall be determined once for all, as well that which he is under to his associate stockholders as that to the creditors."

The question of liability of the defendant stockholder to his associate stockholders is not, perhaps, strictly speaking, involved in this proceeding; but there is always involved the question of the aggregate amount of the statutory liability and the extent of the outstanding stock. If these questions are not settled in the original suit for the administration of the trust, they are open to contest in every case thereafter brought to enforce the stockholders' liability. In view of the nature of this suit, as one for the collection, administration, and distribution of the trust fund, jurisdiction as to the amount in controversy was, in our opinion, as expressed in the Alsop Case, conferred upon the Circuit Court by the fact that the aggregate amounts

due to complainants exceeded the jurisdictional minimum. As said in Handley v. Stutz, 137 U. S. 366, 369, 11 Sup. Ct. 117, 118 (34 L. Ed. 706), in considering a bill in equity by some in behalf of all of the creditors of a corporation against the corporation and the holders of stock therein:

"The sums alleged to be due from the corporation to the original plaintiffs amounting to more than $2,000, the Circuit Court had jurisdiction of the case, and authority to administer and distribute the amounts due from the individual defendants to the corporation for unpaid subscriptions to stock as a trust fund for the benefit of all the creditors of the corporation, and for that purpose to permit creditors, who had not originally joined in the bill, to come in and prove their claims before a master."

The jurisdiction of the Circuit Court is alone involved here. It is clear that the Circuit Court obtained by the filing of the bill jurisdiction generally to administer the trust in question; there being the requisite diversity of citizenship of the parties, the amount claimed by complainants being in excess of $2,000, and the amounts claimed against certain of the defendant stockholders being likewise in excess of that sum. The only question which could arise is over the right to include as a defendant a stockholder against whom a recovery less than the jurisdictional amount was claimed. There is one consideration upon which, in our opinion, the jurisdiction of the Circuit Court over this appellant may safely be asserted; and we prefer to rest the jurisdiction on this ground, without deciding whether such jurisdiction would exist independently of such consideration. It is clear that the court, having acquired jurisdiction over the administration of the trust connected with the collection and distribution of the fund in question, could by an ancillary proceeding have brought in the appellant here, and thus have adjudicated as to him all the questions involved in the original suit. Stewart v. Dunham, 115 U. S. 61, 64, 5 Sup. Ct. 1163, 1164 (29 L. Ed. 329); White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67. In Stewart v. Dunham, in which jurisdiction was obtained by diversity of citizenship, the Supreme Court, in holding that the jurisdiction of the Circuit Court was not ousted by admitting in that court as coplaintiffs other parties who were citizens of the same state as defendants, said:

"The right of the court to proceed to decree between the appellants and the new parties did not depend upon difference of citizenship; because, the bill having been filed by the original complainants on behalf of themselves and all other creditors choosing to come in and share the expenses of the litigation, the court, in exercising jurisdiction between the parties, could incidentally decree in favor of all other creditors coming in under the bill. Such a proceeding would be ancillary to the jurisdiction acquired between the original parties, and it would be merely a matter of form whether the new parties should come in as co-complainants, or before a master, under a decree ordering a reference to prove the claims of all persons entitled to the benefit of the decree. If the latter course had been adopted, no question of jurisdiction could have arisen. The adoption of the alternative is, in substance, the same thing."

In White v. Ewing it was held that a Circuit Court of the United States has "jurisdiction, in a general creditors' suit properly pending therein for the collection, administration, and distribution of the assets of an insolvent corporation, to hear and determine an ancillary

suit instituted in the same cause by its receiver in accordance with its order against debtors of such corporation, so far as in said suit the receiver claims the right to recover from any one debtor a sum not exceeding $2,000." The suit before us must be held to be a general creditors' suit for the purpose of administering the trust fund in question. We think that, under the ruling in Stewart v. Dunham, it would be merely a matter of form whether the appellant were made a defendant to the original bill or brought in under an ancillary proceeding; for in the latter case the same questions would be open to litigation, and would require settlement, as in the original case.

It is true that in Handley v. Stutz only stockholders charged with liability within the appellate jurisdiction of the Supreme Court appealed. It is also true that in Stewart v. Dunham the Supreme Court dismissed the appeals as to all creditors except those in whose favor decrees for the jurisdictional amount on appeal had been rendered. The holding in that respect is not, in our opinion, opposed to the conclusion we have reached in this case as to the jurisdiction of the Circuit Court over the appellant.

It results from these views that the decree of the Circuit Court, so far as appealed from, should be affirmed.