# KINGFISHER IMPROVEMENT CO. v. TALLEY *et al.*

No. 3737.   Opinion Filed September 14, 1915.

(151 Pac. 873.)

1. **VENDOR AND PURCHASER—Right of Possession—Ejectment.**
A vendor cannot maintain ejectment against a vendee in possession under an executory contract of purchase, and not in default.

2. **SAME—Burden of Proof.** In ejectment by a vendor against a vendee in possession under an executory contract of purchase for an alleged default in said contract, the burden of proof is on the vendor to prove such default.

3. **JUDGMENT—Res Judicata—Ejectment.** In an action in ejectment, a former judgment of a court of competent jurisdiction between the same parties and involving the same subject-matter is conclusive, not only as to every matter involved in the former case, but as to every matter which might have been pleaded or given in evidence, whether same was pleaded or not.

4. **SAME—Pleading.** In the absence of exceptional facts excusing a failure so to do, a party should plead all the material facts that constitute his claim or defense, and a failure to do so cannot be made the basis of another action.

5. **PLEADING—Supplementary Pleading—Right to File.** By section 4795, Rev. Laws 1910, a party may upon such terms as to costs as the court may prescribe file a supplemental petition, answer, or reply, alleging facts material to the case occurring after the former petition, answer, or reply was filed.

6. **APPEAL AND ERROR—Law of the Case—Decision on Prior Appeal.** A decision on appeal by the highest court of a state upon questions of law becomes the law of the case; and, the facts or issues being substantially the same at a second trial thereof, such decision is controlling upon the trial court, and is the law of the case in this court upon a second appeal.

7. **SAME.** The issues attempted to be tried in this case at the second trial were only those involved in the record brought here on the former appeal and passed upon in the opinion rendered by this court; and, this appearing from the pleadings and statements of counsel, the court properly sustained a motion for judgment on the pleadings, files, statement of counsel, and the former opinion in this case.

(Syllabus by Brewer, C.)

*Error from District Court, Comanche County;*
*Frank M. Bailey, Judge.*

Action by the Kingfisher Improvement Company, a corporation, against Marie B. Talley and Geo. B. Stites. Judgment for defendant Talley, and plaintiff brings error. Affirmed.

*Bridges & Vertrees, Stevens & Myers,* and *Devereux & Hildreth,* for plaintiff in error.

*Keaton, Wells & Johnston,* for defendants in error.

Opinion by BREWER, C. This suit was instituted July 3, 1903, in the district court of Comanche county by the Kingfisher Improvement Company, as plaintiff, against Marie B. Talley and another, to recover certain lots in the town of Waurika. The defendant Talley filed an answer, consisting: (1) Of a general denial; and (2) she averred, in substance, that on or about the 18th day of June, 1902, she entered into a contract in writing with the improvement company, in which it agreed to convey the lots in controversy to her by warranty deed, in consideration that she should, within ten days thereafter, begin the erection of a hotel building, that within the time mentioned in said contract she did, in good faith, begin such erection, by placing on the lots a stone foundation of certain dimensions, at an expense to her of $296, all of which was preparatory to erecting a two-story frame building, and all of which was for the purpose of carrying out her part of said contract, and that if said lots were taken from her she would lose her improvements and would be damaged, etc. Her answer closed with a prayer for general relief.

At a trial of the case on the petition and answer as above stated, the improvement company prevailed, and

Mrs. Talley brought the case to this court on appeal for review, with the result that on July 13, 1909, the cause was reversed in an opinion by this court, reported in *Talley v. Kingfisher Imp. Co.*, 24 Okla. 472, 103 Pac. 591, 20 Ann. Cas. 352. In that opinion it was held in the syllabus:

"(1) A vendor cannot maintain ejectment against a vendee in possession under an executory contract of purchase, and not in default.

"(2) In ejectment by a vendor against a vendee in possession under an executory contract of purchase for an alleged default in said contract, the burden of proof is on the vendor to prove such default."

At the close of the opinion, it is said:

"We are therefore of the opinion that defendant lived up to the full measure of her contract, and that constituted a good defense to this action, and that the judgment of the trial court should be reversed."

In due course a mandate was issued, sent to, and spread upon the records of the trial court, in which mandate the following direction to the trial court appears:

"Now, therefore, you are hereby commanded to take such further proceedings herein as shall accord with said opinion and right and justice."

Thereafter, on the 21st day of November, 1911, it appears that the case was assigned regularly on the docket for trial again, at which time both parties announced ready, and counsel for the improvement company made its statement to the jury, the material parts of which are as follows:

"That when the town opened up the Kingfisher Improvement Company, through its representatives, was offering a certain tract of land to anybody that would

build a hotel in order to get a hotel started in the town, six certain lots, which were in the very heart of the town, and at that time that the defendant in this case, Mrs. Talley, entered into a contract with the improvement company to build a hotel, which should be a duplicate of the Keegan Hotel here in Lawton, or a substantial duplicate of that hotel, and upon its being constructed, constructing the hotel in substantial compliance with the Keegan Hotel here, she was to receive a deed for these six lots free of charge. The contract was entered into substantially to that effect. That she put on a small stone foundation some 30 by 90 feet upon these six lots of ground, and then quit. Nothing further was ever done or has been done up to this time. That afterwards she dug up or caused to be dug up and removed the foundation that she had caused to be placed on the lots. Then, she having taken possession under that contract, the Kingfisher Improvement Company brings this action, which is an action in ejectment to put her off of the lots."

Thereafter counsel for Mrs. Talley made her statement. Upon offer of evidence by the plaintiff, defendant moved for judgment on the pleadings and statement of counsel. This motion was overruled, and plaintiff was allowed to introduce evidence. After the introduction of some of the evidence, plaintiff asked and obtained leave of court to file a reply. After the evidence had proceeded to some extent, counsel for defendant again moved the court for judgment on the pleadings, the statement of counsel, the mandate and opinion of the Supreme Court, and the other files and records in the case. This motion was sustained, and judgment rendered for defendant, from which the improvement company appeals, and argues one proposition: That the court erred in sustaining the motion of defendant for judgment on the pleadings.

The assignment of error cannot be sustained. When the parties began the second trial of this case, upon the identical pleadings and issues tried before the cause came here on appeal, they were simply attempting to retry or go over the same ground that had been, or should have been, gone over in the first trial. The contract under which Mrs. Talley purchased the lots in question, and in which it is admitted that the only consideration mentioned for the lots is "hotel building to be commenced inside of ten days," was set up as a part of her answer, together with the averment that within the time named she had commenced the building of a hotel, by placing on the lots a stone foundation 30 by 90 feet, at an expense of several hundred dollars. Plaintiff, having all the while admitted the execution of this contract, and that Mrs. Talley went into possession under the same, and that she, in fact, had placed thereon a stone foundation, caused this court in the former opinion to hold, as has been stated, "that defendant lived up to the full measure of her contract; that that constituted a good defense to this action." That finally disposed of the issues as they were presented, and there was nothing to be tried after the return of the mandate from this court. The decision there rendered became and remains the law of this case.

In *Atchison, T. & S. F. Ry. Co. v. Baker*, 37 Okla. 52, 130 Pac. 577, we again set out a quotation from *Metropolitan Ry. Co. v. Fonville*, 36 Okla. 76, 125 Pac. 1125, as follows:

"It is well settled by both reason and authority that a decision of an appellate court upon questions of law must control the case, as to points decided, at all subsequent stages. And a decision of the Supreme Court of the Territory of Oklahoma is the law of the case at subsequent stages, even after statehood. *Oklahoma City*

*Electric Gas & Power Co. v. Baumhoff,* 21 Okla. 503, 96
Pac. 758; *Harding v. Gillett,* 25 Okla. 199, 107 Pac. 665,
and authorities cited in these cases.   This rule is subject
to the qualification that an appellate court may review
and reverse a former decision in the same case, where
adherence to the former decision would result in gross
and manifest injustice.   *Oklahoma City Electric Gas &
Power Co. v. Baumhoff,* 21 Okla. 503, 96 Pac. 758."

As has been seen, and as we have said, the parties
attempted to try nothing new in this case, but merely to
thresh over again the old issue.   If the plaintiff was en-
titled to make proof to conform to its statement to the
jury, it either made it in the former trial, or ought to
have made it.

The recent case of *Prince v. Gosnell,* 47 Okla. 570,
149 Pac. 1162, lays down rules quite applicable to this
case.   It is there held:

"(1) In an action in ejectment, a former judgment
of a court of competent jurisdiction between the same
parties and involving the same subject-matter is conclu-
sive, not only as to every matter involved in the former
case, but as to every matter which might have been
pleaded or given in evidence, whether same was pleaded
or not.

"(2) In the absence of exceptional facts excusing a
failure so to do, a party should plead all the material
facts that constitute his claim or defense, and a failure
to do so cannot be made the basis of another action.

"(3) By section 4795, Rev. Laws 1910, a party may,
upon such terms as to costs as the court may prescribe,
file a supplemental petition, answer, or reply, alleging
facts material to the case occurring after the former
petition, answer, or reply was filed."

No new petition was filed in this case setting up
new facts material to the case and occurring after the

former petition had been filed and the trial had; nor was the matter stated by counsel in the opening statement such. Therefore we conclude that all the issues and facts presented in the trial of this case were covered in the former opinion and decision of this court.

We may add that considerable stress has been laid in the brief upon the fact that in the first case brought here there had been no reply filed to Mrs. Talley's answer, and that that makes some difference, and that, inasmuch as after the trial here involved commenced plaintiff was allowed to file a reply, doing so raised new issues for the decision of this court. We do not think so. As is plainly manifest from the former opinion referred to, the issues raised by this answer were considered and passed upon; and the answer was held to constitute a good defense. The court must have gone into the record and the evidence to make the further holding "that defendant lived up to the full measure of her contract." Both plaintiff and defendant treated the question raised by the answer as an issue. This court so treated the case; and so did plaintiff's counsel at the last trial, until they had proceeded quite a way with the evidence in attacking this particular and identical answer.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.