## McLeod v. Spencer.

No. 2019, Okla. T.   Opinion Filed May 14, 1908.

(95 Pac. 754.)

1.   **PUBLIC LANDS—Injury to Homestead Rights—Measure of Damages.**  A homesteader upon public land, proceeding lawfully to perfect his title, is entitled to compensation for injury done to the premises, but the measure of damages is not the same as if he owned the land in fee simple.

2.   **SAME.** .. In such a case it is error for the court to instruct the jury that the measure of damages is just the same as if the plaintiff owned the land in fee.  The court ought to have defined the rights of the settler in the homestead, and left the question to the jury to determine his interest, and from such interest the liability of the defendant.

(Syllabus by the Court.)

*Error from District Court, Comanche County; before F. E. Gillette, Judge.*

Action by E. B. Spencer against N. I. McLeod.  Judgment for plaintiff, and defendant brings error.  Reversed and remanded.

*Stevens & Meyers,* for plaintiff in error.

KANE, J.   This was an action by defendant in error, plaintiff below, for the alleged wrongful filling up by the plaintiff in error, defendant below, of a natural waterway by reason of which the waters were turned over and upon the portions of plaintiff's homestead, so overflowing and damaging same as to render such portions worthless.  The answer of defendant was a general denial.  The petition of plaintiff alleged that the land was a homestead, and that he was occupying it as a homestead entryman under the homestead laws of the United States, and upon the trial it was admitted by the parties that such was the case.  The trial was had before a jury, and resulted in a verdict and judgment for the

plaintiff in the sum of $100, from which judgment the defendant appealed to this court.

There are several grounds of error argued by counsel for plaintiff in error in his brief, only one of which, however, we believe has merit. Instruction No. 5, given by the court, to which exception was duly saved, is to the effect that the proper measure of damages is the difference in value of the land immediately before and immediately after the act complained of. We believe it was error for the court below to give this instruction. It is admitted that the plaintiff's interest in the land was that of a homestead entryman. While it is true that a homesteader who proceeds lawfully to perfect his title to land entered is entitled to compensation for injury done to the premises, yet we believe the measure of damages is not the same as though he owned the land in fee simple.

Mr. Justice Johnston, in *Burlington, Kansas. & S. W. R. R. Co. v. Johnson,* 38 Kan. 142, 16 Pac. 125, speaking of the nature of a homesteader's title to land occupied under the homestead law, says:

"The interest which the settler has may be appropriated for a right of way by adversary proceedings, as we have already seen that Congress has provided for the condemnation of a right of way through a homestead, as well as for its purchase from the settler. Of course the settler does not part with the same interest or value that he would if he had the legal title, and he should only receive compensation for the interest taken from him."

In the case of *Ellisworth, etc., R. R. Co. v. Gates,* 41 Kan. 574, 21 Pac. 632, Clogston, C., who wrote the opinion, uses the following language:

"In this case the court instructed the jury and gave the rule for the measure of damages just as it would have given it had the plaintiff, instead of having a homestead right, owned the fee. This was error. The court ought to have defined the rights of the settler in such homestead, and left the question to the jury to determine his interest and from such interest the liability of the company. Just what that interest would be is a question of fact in each case, to be determined by the jury, and depends upon the

improved condition and the length of time the homestead has existed, and all other facts that go to make up its value. Its value may be much less than if the settler owned the fee of the land, or it may be substantially the same or a little less than its actual value including the fee. We are therefore of the opinion that the instructions of the court are erroneous, and recommend that the cause be reversed, and a new trial ordered."

The above case seems to be in point here, and is to our mind supported by sound reason.

It is therefore ordered that the judgment of the court below be reversed, and the cause remanded for a new trial.

All the Justices concur.