## W. G. BLANCHARD & CO. v. EZELL.

No. 367.     Opinion Filed January 11, 1910.

(106 Pac. 960.)

ACTION—Statehood—Effect on Existing Rights. Under section 1 of the Schedule, which provides: "No existing rights, actions, suits, proceedings, contracts, or claims shall be affected by the change in the forms of government, but all shall continue as if no change in the forms of government had taken place. And all processes which may have been issued previous to the admission of the state into the Union under the authority of the territory of Oklahoma or under the authority of the laws in force in the Indian Territory, shall be as valid as if issued in the name of the state"—a copartnership doing business in the Indian Territory prior to statehood, where a promissory note was executed to it in due course, may after statehood bring suit on said note in the courts of the state without complying with section 3901, Wilson's Rev. & Ann. St. Okla. 1903, which requires that "every partnership transacting business in this territory under a fictitious name, or designation not showing the names of the persons interested as partners in such business, must file with the clerk of the district court of the county or subdivision in which its principal place of business is stated a certificate, stating the names in full of all the members of such partnership, and their places of residence, and publish the same once a week for four successive weeks, in a newspaper published in the county, if there be one, and if there be none in such county, then in a newspaper published in an adjoining county."

(Syllabus by the Court.)

*Error from McClain County Court; E. E. Glasco, Judge.*

Action by W. G. Blanchard & Co. against S. L. Ezell. Judgment for defendant, and plaintiffs bring error. Reversed and remanded, with directions.

*Rennie & Hocker,* for plaintiffs in error.—Citing: *Swope v. Burnham,* 6 Okla. 736.

KANE, C. J. The plaintiff in error is a copartnership, composed of W. D. Blanchard, Annie O. Blanchard, and A. H. Blanchard. Prior to statehood the firm engaged in the mercantile business at Purcell, Ind. T., and after statehood continued in the same business at the same place. Long prior to statehood S. L. Ezell, the defendant in error, became indebted to the copartnership upon a promissory note, executed and delivered to it at its place of business at Purcell. After statehood the firm brought suit on the note before a justice of the peace at Purcell. As a defense the defendant set up noncompliance with section 3901, Wilson's Rev. & Ann. St. Okla. 1903, which provides:

"Except as otherwise provided in the next section every partnership transacting business in this territory under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the district court of the county or subdivision in which its principal place of business is stated a certificate, stating the names in full of all the members of such partnership, and their places of residence, and publish the same once a week for four sucessive weeks, in a newspaper published in the county, if there be one, and if there be none in such county, then in a a newspaper published in an adjoining county."

It was contended that under the foregoing section, and section 3903, Wilson's Rev. & Ann. St. Okla., which provides:

"* * * Persons doing business as partners, contrary to the provisions of this article, shall not maintain any action on or on account of any contracts made or transactions had in their partnership name in any court in this territory until they have first filed the certificate and made the publication herein required"—
the plaintiff was not entitled to recover. This was the only defense interposed, and the justice of the peace before whom the

case was tried sustained the contention of the defendant, whereupon the plaintiff prosecuted error to the county court, which also sustained the defendant. To reverse the judgment of the county court, this proceeding in error was commenced.

Prior to the intervention of statehood the statute would not have been a good defense upon a suit brought upon this note, either in the Indian Territory or Oklahoma. In *Swope et al. v. Burnham et al.*, 6 Okla. 736,, 52 Pac. 924, it was held:

"Section 3539 of the Statutes of [1893 of] this territory provides that: 'Every partnership transacting business in this territory under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the district court of the county, or subdivision, in which its principal place of business is stated, a certificate, stating the names in full of all the members of such partnership, and their places of residence, and publish the same once a week for four successive weeks, in a newspaper published in the county, if there be one, and if there be none in such county, then in a newspaper in an adjoining county.' It is held, that this section is not applicable to a nonresident mercantile partnership, engaged in the dry goods business in the state of Missouri, and which transacts its business in the territory from such outside location, and is not alleged to have any place of business in this territory."

Section 1 of the Schedule provides that "no existing rights, actions, suits, proceedings, contracts, or claims shall be affected by the change in the forms of government, but all shall continue as if no change in the forms of government had taken place." The purpose of this section of the Schedule is to preserve all rights already accrued and either in action or capable of being enforced by the ordinary remedies provided for this purpose, as effectively as if the Constitution had not been adopted. The language is broad enough to include all rights and claims whatever their nature. No distinction is made between statutory rights and those existing at the common law, nor between those arising out of torts and those founded upon contract. As the firm under the laws of the Indian Territory prior to statehood had a right to recover on its promissory note either in the courts

of the Indian Territory or Oklahoma Territory, this right continued after statehood and was not affected by the foregoing sections of the Oklahoma statutes.

The judgment of the county court is accordingly reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

All the Justices concur.