## SWIFT v. COULTER.

No. 721.   Opinion Filed May 9, 1911.

(115 Pac. 871.)

**JURY—Number Concurring in Verdict—Change of Procedure by Statehood.** Actions pending in the United States courts of the Indian Territory at the time of the erection of the state, and transferred to the distrit courts of the state by section 1 of the schedule of the Constitution, are required to be continued as if no change had taken place in the form of government.

(a) In such actions, for a valid verdict to be returned, it must be by the unanimous concurrence of the jury.

(Syllabus by the Court.)

*Error from District Court, Muskogee County; G. A. Brown, Judge.*

Action between Frank T. Swift and W. J. Coulter. From the judgment, Swift brings error. Affirmed.

*Benj. A. Marlin, Jr.,* for plaintiff in error.
*Thos. A. Jenkins,* for defendant in error.

WILLIAMS, J. The plaintiff in error seeks to review the judgment of the district court of Muskogee county in an action which was pending in the United States Court for the Western

District of the Indian Territory, at Muskogee, at the time of the erection of the state. By virtue of section 20 of the Enabling Act (Act June 16, 1906, c. 3335, 34 Stat. 267), as amended March 4, 1907 (c. 2911, § 3, 34 Stat. 1286), and section 27 of the schedule to the Constitution, said cause was transferred to the district court of the state.

Three-fourths of the whole number of jurors concurring offered to return a verdict into open court in favor of the plaintiff in error. This the court declined to receive, but directed that the jury return to their room for further deliberation, with instructions that, whatever verdict should be returned, it must be with the unanimous concurrence of the jury. The decision of this court in *Pacific Mutual Insurance Co. v. Adams,* 27 Okla. 496, 112 Pac. 1026, rendered at the November, A. D. 1910, term, settles this question in favor of the ruling of the trial court. The Adams case was also followed in *Choctaw Electric Co. v. Clark, ante,* 114 Pac. 730, decided at the March, A. D. 1911, term of this court.

The judgment of the lower court is affirmed.

All the Justices concur.