## CITY OF GUTHRIE v. PEARSON.

No. 2415.    Opinion Filed November 14, 1911.

**JURY—Number of Jurors Concurring—Change of Procedure—Effect on Pending Cases.** In all actions filed in the district courts of the territory of Oklahoma prior to statehood, wherein juries were had, the parties thereto were entitled to a jury of twelve men and to a unanimous verdict, notwithstanding the fact that they were tried after statehood; and in such cases it is error to instruct the jury that any number less than twelve may return a verdict.

(Syllabus by the Court.)

*Error from Superior Court, Logan County; J. M. Sandlin, Judge.*

Action by America Pearson against the City of Guthrie. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*James Hepburn* and *McGuire & Smith,* for plaintiff in error.

*D. M. Tibbetts* and *C. G. Hornor,* for defendant in error.

DUNN, J.    This case presents error from the superior court of Logan county, the action having been begun in the district

court of that county on the 4th day of September, 1907, said date being prior to the erection of Oklahoma into a state. After statehood there was established in the said county a superior court, and the cause was transferred thereto and tried to a jury. Over the objections and exceptions of plaintiff in error, defendant in that court, the court instructed the jury that three-fourths of its number could render a verdict, but that in such case it would be necessary for all concurring therein to sign the same. The giving of this instruction is assigned as error in the motion for a new trial, the overruling of which is assigned as one of the errors in the petition in error and relied upon in this court for reversal.

The identical question here raised was presented to this court in the case of *Pacific Mutual Life Ins. Co. v. Adams et al.,* 27 Okla. 496, 112 Pac. 1026, wherein we held that an instruction of that character in such a case was error and reversed and remanded the cause for a new trial. Counsel for plaintiff in error have filed a motion predicated on this ground, praying a reversal of the said cause and that this court remand the same for a new trial. As the error committed by the trial court in the giving of this instruction is such that a reversal of the case would follow when reached in its regular order on the docket, the motion will be sustained. We have considered both the motion to dismiss and the arguments presented by counsel urging that the cause be retained, briefs required, and certain questions counsel claim are presented by the record, decided, but have concluded to disallow the same. The evidence was not necessary to decide the question here passed on, and the questions suggested are now hypothetical. The judgment of the trial court, for the reason above given, is reversed and set aside, and the case remanded to the superior court of Logan county with instructions to set aside the verdict and judgment heretofore rendered and grant plaintiff in error a new trial.

All the Justices concur.