# NORTHERN GUARANTY LOAN & TRUST CO. v. McCURTAIN *et al.*

### No. 1017.   Opinion Filed January 9, 1912.

#### (120 Pac. 662.)

1. **COURTS—Procedure—Cases Pending in Indian Territory.** Under the procedure of the territory of Oklahoma, in force in the state by virtue of section 2 of the Schedule to the Constitution, a proceeding in error may be maintained in this court by any proper party to review the action of the trial court as to cases pending in the United States Court of the Indian Territory at the time of the erection of the state, and thereafter, having been transferred to the proper state 'court, determined.

2. **JURY—Cases Pending in Indian Territory—Unanimous Verdict.** In a jury case pending in the United States Court in the Indian Territory at the time of the erection of the state, and afterwards tried in the. proper state district court, the parties thereto are enitled to have a unanimous verdict returned.

(Syllabus by the Court.)

*Error from District Court, Pittsburg County;*
*Preslie B. Cole, Judge.*

Action between the Northern Guaranty Loan & Trust Company and D. C. McCurtain and others.   From a judgment, the trust company bring error.   Order dismissing for want of prosecution set aside, and cause reversed and remanded.

*F. H. Kellogg, D. P. Phelps* and *R. N. McMillan,* for plaintiff in error.

*E. A. Boyd,* for defendants in error.

WILLIAMS, J.   On July 28, 1909, a petition in error, with case-made attached, was lodged in this court.   Summons in error was duly issued, and service had on the defendants in error.   On May 30, 1910, defendants in error moved that the proceeding in error be dismissed on the ground that, as this proceeding in error seeks to review the judgment rendered in an action which was pending in the United States Court for the Central District of the

Indian Territory, at McAlester, at the time of the erection of the state, the laws then in force in said territory relative to appeals control exclusively, and that a review cannot be had by means of a petition in error with case-made attached, but that an appeal in such case must be prosecuted by a writ of error within six months after the judgment was rendered in the trial court.

Section 1 of the Schedule of the Constitution is relied on by the defendants in error in this contention. Said Schedule provides:

"In order that no inconvenience may arise by reason of a change from the forms of government now existing in the Indian Territory and in the territory of Oklahoma, it is hereby declared as follows:

"Section 1. No existing rights, actions, suits, proceedings, contracts, or claims shall be affected by the change in the forms of government, but all shall continue as if no change in the forms of government had taken place. And all processes which may have been issued previous to the admission of the state into the Union under the authority of the territory of Oklahoma or under the authority of the laws in force in the Indian Territory shall be as valid as if issued in the name of the state."

The contention of the defendants in error is correct as to the trial of the lower court, but not as to a review by a proceeding in error in this court. Section 8 of article 7 of the Constitution provides:

"The appellate and the original jurisdiction of the Supreme Court shall be invoked in the manner now prescribed by the laws of the territory of Oklahoma until the Legislature shall otherwise provide."

When section 1 of said Schedule and said section 8 of article 7 are construed together, it seems to be reasonably clear that it was the intention of the framers of the Constitution that all cases tried in the county and district courts after the erection of the state should be reviewed by the Supreme Court under the appellate procedure then prescribed by the laws of the territory of Oklahoma.

In *Gwinnup et al. v. Griffins et al.,* 28 Okla. 866, 113 Pac. 909, it was held that a proceeding in error to review the action of a trial court by means of a petition in error, with a certified trans-

cript or case-made thereto attached, was a separate proceeding, and not a part of the proceeding in the trial court. That case is in point against the contention of the defendants in error. The syllabus is as follows:

"1.   Under the procedure of the territory of Oklahoma, in force in the state by virtue of section 2 of the Schedule to the Constitution, a proceeding in error may be maintained in this court by any proper party to review the action of the trial court as to cases pending in the United States Court of the Indian Territory at the time of the erection of the state, and thereafter, having been transferred to the proper state court, determined.

"2.   A case-made is not a part of the record of the trial court.

"(a)   A case-made becomes a part of the record in a proceeding in error, its settling, certification, attesting, etc., being preliminary to the commencement of such proceeding in the appellate court."

It follows that the motion to dismiss the proceeding in error must be overruled.

At the September, A. D. 1911, term of this court, this cause, having been regularly assigned on the calendar for hearing, was submitted. Thereafter, when the cause was reached for consideration, it was determined that there was no merit in the motion to dismiss the appeal, and that the same should be overruled. It appeared, however, that the plaintiff in error had filed no brief, as required by rule 7 of this court, and for that reason the appeal was dismissed for want of prosecution.

On November 14, 1911, the plaintiff in error filed a motion to reinstate, wherein it is alleged that the cause sought to be reviewed was pending at the time of the erection of the state, being thereafter tried, and that upon the trial of said cause the verdict was not unanimous, being signed by only nine members of the jury, upon which judgment was rendered in favor of the defendants in error; that plaintiff in error, among others, assigned as error the action of the trial court in permitting such a verdict, over objection and exception by plaintiff in error, to be returned, and pronouncing judgment thereon; that before plaintiff in error had prepared its brief, this court had handed down an opinion in *Pacific, etc., Insurance Co. v. Adams,* 27 Okla. 496, 112 Pac. 1026,

in which it was held that in civil actions pending at the time of the erection of the state and tried afterwards in the state district courts it was erroneous to permit the return of other than a unanimous verdict; that thereafter, on the 26th day of May, 1910, the parties to this proceeding in error, by stipulation filed in this court, agreed that in the event that the motion to dismiss the appeal was not sustained, it should be unnecessary for the plaintiff in error to file briefs upon the assignments of error. This contention on the part of the plaintiff in error is not controverted by the defendants in error. This stipulation was not, however, called to the attention of the court at the time of the submission of the cause.

The rule announced in the Adams case as to causes pending at the time of the erection of the state and afterwards tried in the state district courts, that a unanimous verdict is essential, has been followed in the following cases: *Choctaw Electric Co. v. Clark,* 28 Okla. 399, 114 Pac. 730; *Swift v. Coulter,* 29 Okla. 768, 115 Pac. 871; *Kerfoot-Bell Co. v. Kerfoot,* 30 Okla. 19, 118 Pac. 367.

It follows that the order heretofore made dismissing this case for want of prosecution is set aside and the cause reversed and remanded, with instructions to grant a new trial.

All the Justices concur.