## METROPOLITAN RY. CO. v. FONVILLE.

No. 1636. Opinion Filed May 14, 1912.

Rehearing Denied August 20, 1912.

Publication Withheld until September Term, 1912.

(125 Pac. 1125.)

1. **TRIAL—Unanimous Verdict.** In all cases pending at statehood, in which there is a jury trial, a unanimous verdict is required.

2. **APPEAL AND ERROR—Former Appeal—Law of the Case—Territorial Court.** A decision of the Supreme Court of the territory of Oklahoma on a former appeal became the law of the case and governs this court, as well as the trial court, as to the questions decided on that appeal.

3. **SAME—Reversal on Second Appeal—New Trial.** Where an eyewitness to an occurrence, who did not testify at the first trial, testifies at the second trial, and the evidence at the second trial is otherwise substantially different from that offered at the first trial, the case upon reversal will be remanded for a new trial, notwithstanding the decision on the appeal from the judgment on the first trial that, under the evidence, the verdict should have been for the defendant.

4. **STREET RAILROADS—Crossing Accident—Discovered Peril.** An instruction to the effect that, although plaintiff was guilty of

contributory negligence in placing herself in a position of danger, defendant was liable for injuring her if it failed to exercise reasonable care to avoid injuring her after it discovered, or by the exercise of reasonable care might have discovered, that an accident was imminent, is error. The duty of the defendant to avoid the effects of her contributory negligence did not begin until her danger was actually discovered.

(Syllabus by Rosser, C.)

*Error from District·Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by Mrs. F. P. Fonville against the Metropolitan Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Shartel, Keaton & Wells,* for plaintiff in error.

*Wm. L. McCann,* for defendant in error.

Opinion by ROSSER, C. Mrs. F. P. Fonville, hereinafter called plaintiff, brought an action in the district court of Oklahoma county, prior to statehood, against the Metropolitan Railway Company, hereinafter called defendant, for damages for personal injuries. She recovered a judgment, and defendant appealed to the Supreme Court of Oklahoma Territory. There the judgment of the district court was reversed, and the cause remanded. The opinion of the Supreme Court of the territory in the case is reported in 19 Okla. 283, 91 Pac. 902.

The case was again tried, and plaintiff again recovered judgment. From that judgment this appeal was taken. After the judgment plaintiff died, and the case has been revived here in the name of her administrator.

The trial court instructed the jury that nine or more concurring could return a verdict, and the verdict was in fact returned by eleven men. This instruction was excepted to at the time, and is assigned as error.

This case was pending at the time of the admission of the state into the Union, and, under the provisions of section 1 of the Schedule to the state Constitution, should have been tried according to the law and procedure in force prior to statehood.

*Freeman v. Eldridge,* 26 Okla. 601, 110 Pac. 1057; *St. L. & S. F. R. Co. v. Cundieff,* 171 Fed. 319, 96 C. C. A. 211. See, also, *Blanchard v. Ezell,* 25 Okla. 434, 106 Pac. 960. This rule, however, only applies to cases pending at statehood, and does not apply to a case brought since statehood, though the cause of action arose before. *Independent Cotton Oil Co. v. Beacham,* 31 Okla. 384, 120 Pac. 969.

It has been decided a number of times that a unanimous verdict is required in cases pending at the time of the admission of the state into the Union. *Pacific Mutual Life Insurance Co. v. Adams,* 27 Okla. 496, 112 Pac. 1027; *Choctaw Electric Co. v. Clark,* 28 Okla. 399, 114 Pac. 730; *Swift v. Coulter,* 28 Okla. 168, 115 Pac. 871; *Kerfoot-Bell Co. v. Kerfoot,* 30 Okla. 19, 118 Pac. 367; *City of Guthrie v. Pearson,* 29 Okla. 813, 120 Pac. 266; *Northern Guaranty L. & F. Co. v. McCurtain,* 31 Okla. 192, 120 Pac. 663; *Spurrier Lbr. Co. v. Dodson,* 30 Okla. 412, 120 Pac. 934; *Border v. Carrabine,* 30 Okla. 740, 120 Pac. 1087. And the plaintiff concedes that the court erred in instructing the jury that a unanimous verdict could be returned, and that this case must be reversed.

It is contended by the defendant that the decision of the Supreme Court of Oklahoma Territory in this case settled the law of the case for all future trials, and that under that decision the plaintiff is not entitled to recover. It is also contended that judgment should be here rendered, directing the district court to dismiss the case.

It is well settled by both reason and authority that a decision of an appellate court upon questions of law must control the case, as to points decided, at all subsequent stages. And a decision of the Supreme Court of the territory of Oklahoma is the law of the case at subsequent stages, even after statehood. *Oklahoma City Electric Gas & Power Co. v. Baumhoff,* 21 Okla. 503, 96 Pac. 758; *Harding v. Gillett,* 25 Okla. 199, 107 Pac. 665, and authorities cited in these cases. This rule is subject to the qualification that an appellate court may review and reverse a former decision in the same case, where adherence to the former decision would result in gross and manifest injustice. *Oklahoma*

*City Electric Gas & Power Co. v. Baumhoff*, 21 Okla. 503, 96 Pac. 758. The decision of the court upon the former appeal in this case was not gross error at the time it was rendered, and is the law of the case, so far as applicable to the facts proven at the second trial.

It was held in the decision of the case on the former appeal that under the evidence it was the duty of the trial court to direct a verdict for the defendant. Applying the rule of the law to the case, if the evidence at the trial from which this appeal is taken was the same, or substantially the same, as the evidence at the first trial, the judgment upon this appeal should direct that the case be dismissed, unless it should appear from the record that other evidence exists which might, upon another trial, change the facts proven. It is therefore necessary to determine whether the evidence was substantially the same upon both trials.

Plaintiff was struck by one of the defendant's street cars as she was driving a team and hack across its Broadway track at Main and Broadway, in Oklahoma City. At the first trial no proof was offered by the plaintiff as to the speed of the car. Upon the last trial the testimony of at least one witness, who was one of two passengers on the car when the plaintiff was injured, was that the car was running about fifteen miles an hour. After the case was reversed and remanded by the Supreme Court of Oklahoma Territory, plaintiff amended her complaint and alleged that the car which caused the injury was not properly equipped and that some of the machinery at the power house of the defendant was not in repair. There are other minor differences in the issues and evidence at the two trials, and, considering these differences, it is proper to remand this case for a new trial, rather than dismiss it. This opinion, however, is not to be construed as passing on the value of the evidence at the last trial, but only that it is substantially different from the evidence on the former trial.

In view of the fact that the case may be tried again, it is proper to notice the assignment that the court erred in giving the following instruction:

·"The duty of the plaintiff to use ordinary and reasonable care in crossing a street railroad track is the same degree and kind as the duty of the defendant to use ordinary and reasonable care in the operation of its cars; and even though the defendant failed to use such care, and the accident would not have happened, had such care been used by it, still the plaintiff cannot recover if she herself failed to use ordinary and reasonable care, and but for her failure the accident would not have happened, unless it further appears from the evidence that, notwithstanding such negligence on the part of the plaintiff, the accident would not have occurred, had the defendant exercised reasonable care to avoid the injury after it discovered, *or by the exercise of reasonable care might have discovered,* that an accident was imminent." (Italics ours).

This instruction made the defendant liable for failure to exercise reasonable care to avoid the injury, though plaintiff was guilty of contributory negligence in placing herself in a position of danger, whether she was discovered or not, if by the exercise of reasonable care she might have been discovered. This was error. The exact point was decided in the case of *Oklahoma City Ry. Co. v. Barkett,* 30 Okla. 28, 118 Pac. 350. It was there held that the giving of an instruction identical with the one set forth above was error. In other words, it was held that the doctrine of "last clear chance" did not intervene to protect a plaintiff from the consequences of his contributory negligence, unless he was actually discovered. This case was followed in *Oklahoma City Ry. Co. v. Diab,* 30 Okla. 32, 118 Pac. 351. The cases of *A., T. & S. F. R. Co. v. Baker,* 21 Okla. 51, 95 Pac. 433, 16 L. R. A. (N. S.) 825, and *Clark v. St. L. & S. F. R. Co.,* 24 Okla. 764, 108 Pac. 361, while not so entirely in point, as to the form of the instruction, support the rule laid down in the Barkett case, and it is supported by numerous cases from other states. It seems clear that this view is proper. If the failure to keep a lookout has any bearing in ·a case of this kind, it is part of the negligence of the defendant in the first instance, and the plaintiff, because of the contributory negligence, is prevented from recovering on account of it. But if the defendant discovers the perilous condition it becomes charged with a different and active duty—that of avoiding the effect of the contributory negligence.

It is not necessary to consider the other questions assigned as error, for the reason that they are·not likely to arise on another trial.

The case should be reversed and remanded for a new trial. By the Court: It is so ordered.