## MISSOURI, K. & T. RY. CO. v. DAWSON et al.

No. 1706. Opinion Filed May 14, 1912.

(124 Pac. 10.)

STATES—Verdict—Assent of Required Number of Jurors. In a suit for damages on account of alleged negligence occurring prior to statehood, but where the suit was instituted subsequent to statehood, it is not error to instruct the jury that three-fourths of their number, having agreed upon a verdict, may return it into court, when it is signed by each of such members concurring therein.

(Syllabus by Brewer, C.)

*Error from District Court, Craig County;*
*T. L. Brown, Judge.*

Action by James R. Dawson and another against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Clifford L. Jackson, W. R. Allen,* and *M. D. Green,* for plaintiff in error.

*Seymour Riddle, A. D. Bennett,* and *John J. Hubbard,* for defendants in error.

Opinion by BREWER, C.    This is a suit for damages. The cause was filed in the district court of Craig county on October 16, 1908.   The cause of action arose out of a contract for the shipment of live stock, entered into January 12, 1907. The cause was tried to a jury on October 26, 1909, and resulted in a verdict in favor of the plaintiff below, defendant in error here. The verdict of the jury was agreed to by only nine members of the jury, each of whom signed it and returned it into court, under instructions of the court permitting them to return the same.

The only alleged error urged in the brief of plaintiff in error is predicated on the action of the court in giving this instruction, and receiving and entering judgment on the three-fourths verdict returned under it.   The instruction complained of is as follows:

"Nine or more of your members may agree upon a verdict, and, in case the verdict is not unanimous, all jurors concurring in same must sign the verdict.   In case of a unanimous verdict it need only be signed by your foreman."

Counsel contend that, inasmuch as the cause of action in this case arose prior to statehood, the instruction complained of, and the verdict arrived at under it, and the judgment rendered on the verdict, were all errors that require a reversal of the case.   It is true that under the decisions of this court on causes of action arising and where suit was instituted thereon prior to statehood, the parties were entitled to a unanimous verdict of a common-law jury of twelve men.   *Pacific Mutual Life Ins. Co. v. Adams,* 27 Okla. 496, 112 Pac. 1027; *Choctaw Electric Co. v. Clark,* 28 Okla. 399, 114 Pac. 730; *Swift v. Coulter,* 28 Okla. 768, 115 Pac. 871; *Kerfoot Bell Co. v. Kerfoot,* 30 Okla. 19, 118 Pac. 367, and others.   But the rule announced in the cases cited and as stated above does not apply

to causes of action arising prior to statehood, but where suit thereon was not instituted until after the erection of the state. But, upon the contrary, it has been held that in such cases a three-fourths verdict is legal and binding. *Independent Cotton Oil Co. v. Beacham,* 31 Okla 384, 120 Pac. 969. The above case mentions and distinguishes the cases where suit was brought before statehood from cases so arising brought subsequent to statehood. The Beacham case, *supra,* has been followed in *Chicago, Rock Island & Pac. Ry. Co. v. Baroni, ante,* 122 Pac. 926.

There being only one question presented here, and it being foreclosed by former decisions of this court, the judgment should be affirmed.

By the Court: It is so ordered.