## McLEOD v. SPENCER.

No. 2068.   Opinion Filed September 17, 1912.

(126 Pac. 753.)

JURY—Verdict—Cases Pending Before Statehood. In civil actions pending in the district courts at the advent of statehood, although tried in the courts of this state since statehood, the parties were entitled to the unanimous verdict of a jury of twelve men.

(Syllabus by Brewer, C.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by Earl B. Spencer against N. I. McLeod. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Stevens & Myers,* for plaintiff in error.

*Louis Davis,* for defendant in error.

Opinion by BREWER, C.   This is a suit for damages to real estate on account of the alleged obstruction of a natural waterway and the diversion of waters over the lands of plaintiff. The suit was filed in the district court of Comanche county, Oklahoma Territory, on the 25th day of November, 1903, by the defendant in error as plaintiff, against the plaintiff in error, as defendant, resulted in a judgment for plaintiff, and was appealed to the territorial Supreme Court, and was finally decided by the. present court on May 14, 1908 (21 Okla. 165, 95 Pac. 754, 17 L. R. A. [N. S.] 958, 129 Am. St. Rep. 774), and a reversal and remand ordered.   The cause was again tried in the district court on September 20, 1909, before the court and a jury and a majority verdict was rendered in favor of plaintiff.   The defendant objected to the entry of judgment.

It has been frequently held in this court that in cases pending at the time of statehood the parties were entitled to the unanimous verdict of the jury.   In *Pacific Mutual Life Ins. Co. v. Adams,* 27 Okla. 496, 112 Pac. 1026, after quoting and discussing article 2, sec. 19, of the Constitution, and section 1 of the Schedule to the Constitution, the court says:

"We are therefore of opinion that defendant's right to a common-law jury and to a unanimous verdict was wrongfully impinged on by said instruction; that it was a right preserved to him by the Schedule to the Constitution; that the change prescribed by the Constitution for the concurrence of a less number of jurors than twelve being a change in procedure, was not applicable to this case, pending as it was on the advent of statehood; that the verdict returned under the instruction was in fact no verdict at all (*Girdner v. Bryan,* 94 Mo. App. 27, 67 S. W. 699); and that the judgment of the court thereon must be reversed."

*St. L. & S. F. R. Co. v. Cundieff,* 171 Fed. 319, 96 C. C. A. 211; *Blanchard & Co. v. Ezell,* 25 Okla. 434, 106 Pac. 960; *Loeb v. Loeb,* 24 Okla. 384, 103 Pac. 570; *Kerfoot-Bell Co. v. Kerfoot,* 30 Okla. 19, 118 Pac. 369; *City of Guthrie v. Pearson,* 29 Okla. 813, 120 Pac. 266; *Taby v. McMurray,* 30 Okla. 601,

SEPTEMBER TERM, 1912.—Vol. XXXIV.     649

120 Pac. 665; *Northern Guaranty Loan & T. Co. v. McCurtain et al.,* 31 Okla. 192, 120 Pac. 663; *Choctaw Electric Co. v. Clark,* 28 Okla. 399, 114 Pac. 730; *Swift v. Coulter,* 28 Okla. 768, 115 Pac. 871; *Spurrier Lbr. Co. v. Dodson,* 30 Okla. 412, 120 Pac. 934; *Van Arsdale-Osborne Brokerage Co. v. Patterson,* 30 Okla. 113, 120 Pac. 933.

The cause should be reversed, and remanded for a new trial.

By the Court:   It is so ordered.