## STATE ex rel. MILLER v. DUDLEY, District Judge.

No. 8693—Opinion Filed April 24, 1917.

(165 Pac. 127.)

(Syllabus by the Court.)

**Appeal and Error—Mandamus—Remand—Grounds—Entry of Judgment Without Retrial.**

F. sued M. in the district court for cancellation of a deed executed by F. to M. on the ground of fraud and mental incapacity. Judgment was rendered in favor of F. cancelling the deed. Upon appeal to the Supreme Court the cause was "reversed and remanded for a new trial." After the mandate had been issued and spread of record in the district court, M. filed his motion for judgment on the opinion and mandate. F., by leave of court, then filed his amended petition. M. filed his motion to strike the amended petition. The court overruled both the motion for judgment and the motion to strike. In an action by M. for writ of mandamus against the district judge to compel him to enter judgment on the mandate and opinion of the Supreme Court, held, that it was the duty of the trial court to grant a new trial; that the proceedings thus far taken in a retrial of the case being interlocutory and reviewable on a second appeal after a retrial, mandamus will not lie to compel the district judge to enter judgment without a retrial.

Original mandamus by the State, on relation of C. W. Miller, against C. E. Dudley, Judge of the District Court of Choctaw County. Writ denied.

I. L. Strange, for plaintiff.

McPherren & Cochran, for defendant.

TURNER, J. On October 20, 1916, the state of Oklahoma, on relation of C. W. Mil-

ler, filed its petition in this court praying for a. writ of mandamus against C. E. Dudley, judge of the district court of Choctaw county. The facts out of which this proceeding grew are substantially as follows: On May 8, 1913, Grover C. Folsom sued C. W. Miller, relator herein, in the district court of Choctaw county, to set aside a warranty deed executed by Folsom to Miller on May 5, 1913, for his allotment of land, upon the ground of fraud in its procurement and mental incapacity to contract. Judgment was rendered in that court canceling and setting aside said deed, upon the ground of mental incapacity only of Folsom to execute the same. Upon appeal by Miller to this court (Miller v. Folsom, 49 Okla. 74, 149 Pac. 1185), after considering the errors assigned, and holding that the evidence did not tend to show mental incapacity on the part of the plaintiff sufficient to set aside the deed, the court, in summing up, said:

"We are therefore of opinion that the court did wrong to set aside the deed complained of, and for that reason the cause is reversed and remanded for a new trial."

After the mandate had issued to the district court of said county, and the same had been spread of record, defendant in said action (relator here) filed his motion for judgment on the opinion and mandate of this court. Folsom, the plaintiff in said action, filed his amended petition, alleging practically the same grounds why the deed should be set aside as were considered by this court in said cause on appeal. Miller then filed his motion to strike the amended petition, upon the ground that he was entitled to judgment upon the mandate issued by this court. Upon a hearing of said motion for judgment, the court overruled the same and granted leave to plaintiff to file his amended petition. The court also overruled the motion of defendant to strike said amended petition from the files. Relator prays that a writ of mandamus be allowed by this court. requiring said respondent as such district judge to render a judgment in said action on the opinion and mandate of this court, without a retrial of the case in said court.

The court did not err in refusing to enter judgment in favor of relator; this for the reason that it was the duty of the trial court to proceed with a new trial in accordance with the judgment of this court reversing and remanding the case. The district court was bound by the decree as the law of the case, and must carry it into execution according to the mandate of this court. Gilliland v. Bilby, 53 Okla. 309, 156 Pac. 299. The district court was about to proceed to a new trial of the case pursuant to the directions of this court, by permitting plaintiff to amend his petition, and such amendment was permissible. Ball v. Rankin, 23 Okla. 801, 101 Pac. 1105. But, if the case should proceed to a new trial as directed by the judgment of this court, and the facts and questions of law presented were, in effect, the same as presented in the former appeal in said case, of course it would then be the duty of the court to render judgment in favor of defendant Miller, as before. St. L. & S. F. R. Co. v. Clark, 42 Okla. 638, 142 Pac. 396; Metropolitan R. Co. v. Fonville, 36 Okla. 76, 125 Pac. 1125. But the proceedings thus far taken in a retrial of the case are interlocutory, and, such proceedings being reviewable on appeal after a retrial, mandamus will not lie to review the action of the judge in proceeding to carry out the mandate and judgment of this court. 26 Cyc. 202, states the rule as follows:

"The rule is almost universal that mandamus will not lie to correct or review interlocutory proceedings even though no immediate appeal is given; such proceedings being reviewable on appeal or error from final judgment or decree. A very great portion of such proceedings involve judgment and discretion, and could not in any event be corrected by mandamus; and the delay, vexation, and expense attending interference with trial courts in interlocutory matters would be burdensome."

For the reasons stated, the petition for writ of mandamus will be denied.

All the Justices concur.